Singh v. Sessions

BIA
Hom, IJ
A205 409 269

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand eighteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
>> *Circuit Judges.*

_____

BACHITTER SINGH,
> *Petitioner,*

v.                                                  16-3857
                                                    NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Leslie McKay, Senior Litigation Counsel; Margot L. Carter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bachitter Singh, a native and citizen of India, seeks review of an October 14, 2016, decision of the BIA affirming a March 17, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bachitter Singh,* No. A 205 409 269 (B.I.A. Oct. 14, 2016), *aff'g* No. A 205 409 269 (Immig. Ct. N.Y. City March 17, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on inconsistencies or omissions in an applicant's oral and written

2

statements and other record evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is supported by substantial evidence.

The agency reasonably relied on inconsistencies between Singh's testimony and his medical records. Singh's sole allegation of past persecution was that he was hospitalized on account of being beaten by members of a rival political party. He testified to the name of the hospital where he was treated and the doctor who treated him, but the medical record he submitted was from a different hospital and written by a different doctor. *See Xiu Xia Lin*, 534 F.3d at 167. When asked to explain this discrepancy, Singh speculated that the hospital may have changed owners and thus the letter was prepared by a new doctor. This explanation was not compelling because the record reflected that it was authored by a doctor who personally examined Singh. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible

explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks and citation omitted)). These inconsistencies regarding the hospital and doctor both relate to the sole incident of alleged persecution and call into question the validity of Singh's documentary evidence, therefore undermining his credibility as a whole. *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Singh also argues that the IJ erred in declining to credit other documentary evidence. The IJ did abuse his discretion because Singh's evidence was filed late, the medical record was inconsistent with his testimony, and the additional evidence did not confirm his beating or hospitalization. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); 8 C.F.R. § 1003.31(c). This failure to corroborate bolstered the agency's adverse credibility finding. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

As discussed above, the inconsistencies fully undermine Singh's credibility and provide substantial evidence for the adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination was dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5